
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES GERMALIC, :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　:
　　v. : Civ. No. 12-1347-UNA
　　　　　　　　　　　　　　　　　:
JEFFREY BULLOCK, :
　　　　　　　　　　　　　　　　　:
　　　　Defendant. :

---

James Germalic, Parma, Ohio, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 15, 2012
Wilmington, Delaware

ANDREWS, U.S. District Judge:

On October 22, 2012, Plaintiff James Germalic filed a motion for an injunction to stop the printing of the ballots for the general election (D.I. 2) to be held on November 6, 2012. Plaintiff proceeds pro se and has filed a request to proceed in forma pauperis (D.I. 1).

The court will deny without prejudice the request to proceed in forma pauperis (D.I. 1). Plaintiff indicates that he is giving every state the opportunity to provide him relief and he could pay the filing fee, but the filing of his numerous lawsuits in federal courts is costly, exceeds his "total worth," and makes him a pauper. Plaintiff will be given additional time to either pay the $350.00 filing or to submit a complete long form application to proceed without prepayment of fees.

Plaintiff filed the instant motion for an injunction to stop the printing of the ballots for the general election (D.I. 2). Plaintiff "aspired" to be a presidential candidate in 2012 but found it difficult, if not impossible, to get his name on the ballot. He complains that Delaware's 6,000 signature requirement is too high for such a small state with a small population. He "requests" an injunction to stop the printing of the ballots in order to place his name on the ballot. (D.I. 2.)

Four factors govern the Court's decision whether to issue a preliminary injunction. To obtain an injunction, Plaintiff must demonstrate (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. See *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002). If these two threshold showings are made then the Court considers, to the extent relevant, (3) whether an injunction would harm Defendant more than

denying relief would harm Plaintiff and (4) whether granting relief would serve the public interest. *Id.*

For Plaintiff to run as an unaffiliated candidate he must have met the following qualifications: (1) certify that he has not been active with a political party for the past three months; (2) collect signatures on petitions equal to at least 1% of the registered voters in the jurisdiction; (3) collect the signatures between January 1 and July 15 in the year of the election; and (4) submit the certification, petitions and a candidate filing form with the Delaware Department of Elections or before September 1, 2012. *See* 15 Del. C. § 3002. For Plaintiff to run as a write-in candidate, he must have submitted a write-in candidate declaration to the Delaware Department of Elections by no later than September 30, 2012. *See* 15 Del. C. §§ 3401-3404.

There is no evidence that Plaintiff made any attempt to meet the requisites for either the placement of his name on the general election ballot or to run as a write-in candidate. Notably, Plaintiff filed this action on October 22, 2012, a mere two weeks prior to the November 6, 2012 election. Clearly, the time for election officials to prepare for the election is swiftly dwindling. The Court takes judicial notice that the ballots have already been printed for the general election. *See* James Fisher and Jonathan Sarkey, *Bodenweiser Drops Out*, The News Journal, Oct. 18, 2012. Hence, the relief Plaintiff seeks is no longer available to him given that the ballots have been printed.

In addition, it is more likely than not that the mailing of absentee ballots has begun. Thus, Plaintiff filed his motion too late for this Court to grant injunctive relief without incurring a sizeable risk of substantial harm to the public by disruption of the

electoral process. *See Williams v. Rhodes*, 393 U.S. 23, 34 (1968). Upon review of the pending motion, the Court concludes that Plaintiff has not demonstrated that injunctive relief is appropriate. Therefore, the Court will deny the motion (D.I. 2).

For the above reasons, the Court will deny without prejudice the motion to proceed in forma pauperis (D.I. 1) and will deny the motion for injunctive relief. (D.I. 2).

An appropriate order will be entered.